## SUPREME COURT.

MICHAEL MURPHY agt. JOHN L. C. NORTON *et al.*

*Title to land swallowed by the sea — in whom title is.*

If land once submerged by the sea shall again be left by the reflex and recess of the sea, the owner shall again have his land as before, if he can make out where and what it was.

Although while the land continues covered by the sea the title is in the sovereign, yet when the land by natural means emerges, the title of the original owner is restored.

*Special Term, May,* 1881.

THIS suit was a test case, covering the ownership of four miles of beach extending from Rockaway Beach to Long Beach. After the sea had cut off the sea-front of the main land between the points mentioned, a beach was reformed outside the main land and divided from it by a bay of navigable water. The owners of the main land took possession

of the newly formed beach, claiming to own that portion lying within their respective boundaries, for the reason that the beach had formed within the limits of their ancient boundaries; but the town of Hempstead claimed the whole of the new beach as an accretion upon Long Beach, and leased the same to the defendants for fifty years at $1,000 per year. Before the defendants could take possession under their lease, the plaintiff procured an injunction restraining them from interfering with his possession; and by the decision of judge PRATT the injunction is made perpetual.

*Eugene F. Daly* and *John E. Parsons*, for plaintiff.

*W. N. Dykman, Benjamin W. Downing, Gratz Nathan* and *Jefferson N. Levy*, for defendants.

PRATT, *J.* — The plaintiff claims that he and those through whom he derives title have at all times owned to the ocean; that as far back as 1797, the ocean line was outside of the present ocean line; that though the beach at plaintiff's property washed away about 1860, it has, since 1870, emerged; and that being within the plaintiff's original boundaries, he is in law the owner. Plaintiff also claims that he and his grantors have at all times been in undisturbed possession to the ocean; and he argues that, as against defendants, this entitles him to protection unless defendants show title in themselves.

As regards the questions of fact, we think the plaintiff has established his claims as stated above; and the principal matters to be discussed are questions of law resulting from certain phases of the case brought out by defendants, which they contend destroy plaintiff's right to the relief he seeks. As the facts will appear in the findings, they need not be recited here.

The general principle controlling this case may be found in *Angel on Tide Waters* (*pp.* 76 to 80). See, also, *Hargrave's Law Tracts* (*Sir Matthew Hale's De Jure Mavis*), 36, 37:

Murphy agt. Norton *et al.*

" It may be said that if land once submerged by the sea shall again be left by the reflex and recess of the sea, the owner shall have his land again as before, if he can make out where and what it was."

The defendants cite *Matter of Hull* agt. *Selby Railroad Co.* (5 *Mees. & W.*, 328) as showing that the title to land swallowed by the sea is vested by the sovereign power. In that case the lands, while yet under water, were taken by eminent domain. Damages being awarded and paid into court were adjudged to belong to the crown and not to the former owner. This case shows that while the land continues to be covered by the sea the title is in the sovereign. But the well settled rule remains that when the land, by natural means, emerges, the title of the original owner is restored.

From this rule it results, in the case at bar, that the title to the premises in suit is vested in the plaintiff, which decides the present case. For it clearly appears that the injury to the plaintiff from the unlawful entry threatened by defendants is not one that can be accurately measured by money damages, and that an action at law would by no means give adequate relief.

There is nothing in the position of defendants entitling them to extreme consideration.

The owner of lands bordering upon the ocean is subjected to dangers from the elements from which it is vain to seek protection. But when the sea throws back to him that which it has previously torn away, he should not be driven to scramble for his own.

Judgment for plaintiff as prayed for in complaint.